# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 2, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**GARY DUFFIELD,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0847** (BOR Appeal No. 2048154)
                    (Claim No. 2011036937)

**KOKOSING CONSTRUCTION COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary Duffield, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kokosing Construction Company, Inc., by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 23, 2013, in which the Board affirmed a January 30, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 24, 2011, decision denying Mr. Duffield's application for workers' compensation benefits based on occupational noise induced hearing loss. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Duffield, an employee of Kokosing Construction Company, worked with various types of construction machinery that exposed him to noise. During his employment with Kokosing and after his retirement, he noticed that he had problems hearing. As a result, he reported to Charles Crigger, M.D., for a hearing study. Dr. Crigger opined that Mr. Duffield suffered hearing loss in both ears. Dr. Crigger further opined that the hearing loss was due to Mr. Duffield operating heavy machinery at work. Mr. Duffield filed his claim for workers'

compensation benefits and the claims administrator denied his claim. Mr. Duffield protested. Kokosing Construction Company submitted the report of James McIntosh, a Certified Industrial Hygienist and Certified Safety Professional. Mr. McIntosh's report opined that Mr. Duffield could not be exposed to enough noise at work to cause hearing loss.

The Office of Judges determined that Mr. Duffield's hearing loss was not caused by his exposure to noise at work. The Office of Judges accepted the report of Mr. McIntosh and rejected the report of Dr. Crigger. The Office of Judges stated, based upon the record provided, it was more likely than not that Mr. Duffield did not sustain noise induced hearing loss in the course of and as a result of his employment with Kokosing Construction Company. Mr. Duffield protested. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The Office of Judges and Board of Review mischaracterized the evidence in the record when they relied on Mr. McIntosh's report because it did not actually consider the noise Mr. Duffield was exposed to at Kokosing Construction Company. Mr. McIntosh did not go to the worksite of Kokosing Construction Company and measure the level of sound produced by the various machines. Mr. McIntosh's basis for the level of noise at Kokosing Construction Company is a Caterpillar Operation Manual. Mr. McIntosh used Mr. Duffield's testimony to identify what type of machines he operated. Mr. McIntosh then used the Caterpillar Operation Manual to estimate the level of sound that was present. Mr. McIntosh then compared the level of sound that he estimated to the Occupational Health and Safety Administrator's noise guidelines. Mr. McIntosh does not discuss the duration of Mr. Duffield's noise exposure. Mr. McIntosh also opined that, if the equipment did produce excessive noise, it would have been counteracted by the hearing protection Mr. Duffield always wore. Mr. McIntosh's report should not have been considered as an accurate estimation of the noise level to which Mr. Duffield was exposed. Mr. Duffield's testimony shows that the cab he worked in was not well maintained because there were problems with the cab sealing properly. According to Mr. Duffield, this increased the noise level to which he was exposed. Mr. Duffield also testified about other types of noise at the work site of Kokosing Construction Company. Mr. Duffield testified that on an average day he would normally be exposed to not only the noise his machine created but also the noise emanating from other machines around him, which included three articulators, a big rock truck, an excavator hoe, and a drill. Furthermore, Mr. Duffield testified that he could not only hear the sound produced by the engines of the equipment but also from the rocks that they were smashing. The report of Mr. McIntosh should have been disregarded because he did not have a proper basis for determining the level of noise at Kokosing Construction Company. Mr. McIntosh's opinion was not sufficiently supported by the evidence in the record, and the Office of Judges and Board of Review should not have relied upon it.

Dr. Crigger's report is the only medical evidence of record, and it shows that Mr. Duffield suffers from occupational hearing loss attributable to his work environment. Dr. Crigger's opinion is consistent with Mr. Duffield's testimony and the remainder of the evidence in the record. Mr. Duffield has shown that his hearing loss is an occupational injury pursuant to West Virginia Code § 23-4-1 (2008).

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to hold the claim compensable for occupational noise induced hearing loss.

Reversed and Remanded.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Robin J. Davis